### E. E. SHARP v. M. SIMONITSCH and Another.[1]

February 11, 1909.

Nos. 15,982—(229).

**Sale of Liquor License—Findings Sustained by Evidence.**
The findings of fact of the trial court *held* sustained by the evidence.

Action in the district court for Clay county by the trustee in bankruptcy of Constance A. Remley, bankrupt, to recover the sum of $422, paid by one Oliver for the transfer to him of the license to sell intoxicating liquor which formerly had been held by Remley, for which

[1] Reported in 119 N. W. 790.

defendant Simonitsch held a certificate of deposit in favor of defendant Minneapolis Brewing Company. The brewing company claimed the money as the balance of $1,000 advanced by it to pay the bankrupt's license and as the proceeds of the sale by said bankrupt of the unexpired portion of said license. The case was tried before Baxter, J., who found that neither party was entitled to any relief by the action and ordered it dismissed. From the judgment of dismissal entered pursuant to this order, plaintiff appealed. Affirmed.

*E. E. Sharp* and *C. R. Chapin*, for appellant.

*Nye & Dosland*, for respondents.

BROWN, J.

One Remley had duly obtained a license from the city of Moorhead to deal in intoxicating liquors, and had opened up an establishment for that purpose. Subsequently, and before the expiration of the term of his license, he sold his business to one Oliver. As part of the transaction Oliver paid to one Simonitsch the sum of $422, representing the value of the unexpired license, to be held by him until the settlement of a controversy between some of the parties and then paid to the person entitled to it. The money was deposited in a bank, and a certificate of deposit taken in the name of and payable to the Minneapolis Brewing Company, or its order. The matter of the transfer of the license from Remley to Oliver was thereafter submitted to the city council, and by that body, acting under section 1535, R. L. 1905, approved, and Oliver thereafter conducted the business. The sale took place in January, 1907, and in the following March Remley was duly adjudged a bankrupt, and plaintiff appointed his trustee with the usual powers. Plaintiff then brought this action against Simonitsch and the brewing company to recover the money so paid for the unexpired license, the certificate of deposit still being in the hands of Simonitsch, on the theory that it represented a part of the purchase price of the saloon and was the property of Remley, his bankrupt, and consequently passed to plaintiff as trustee upon the approval of the transfer by the city council. Defendant brewing company answered, claiming to own the money, while Simonitsch disclaimed any interest therein, and deposited the certificate in court to be disposed of as the legal rights of the parties might appear. The trial court found that

neither party had any legal claim to the money, and the action was ordered dismissed. Judgment was entered accordingly, and plaintiff appealed.

The only question presented by the record is whether the finding of the trial court to the effect that plaintiff, as trustee of the bankrupt estate of Remley, has no right or title to the money, is sustained by the evidence. The brewing company took no appeal, and its rights are not involved. The oral argument by appellant left the impression that the court below was in error in its findings; but a full reading of the record clears the situation, and leads to the conclusion that the trial court was entirely right—at least, that the evidence is not so clearly in favor of plaintiff's contention as to justify a reversal. Remley, the bankrupt, and the person who sold out to Oliver, testified that he did not sell the unexpired license; that the brewing company had advanced him the money to pay the license fee in the first instance, and the money in question was to be returned or paid back to it; that it was so understood and agreed at the time of the sale by all the parties, including Simonitsch and Oliver; and, further, that the money was not to be paid to him at all. Simonitsch testified that the money was paid over to him, to be held until the settlement of a dispute about a lease of the premises in which the business had been conducted, pending between Oliver, the new proprietor, and the brewing company, and was then to be paid over to the brewing company. That the money was to go to the brewing company in reimbursement of its previous advances to Remley is further shown by the fact that the certificate of deposit was taken in its name. In this state of the evidence the court was not required to find that the money ever belonged to the bankrupt. It represented, it is true, the value of the unexpired license; but by the agreement it was to be returned to the brewing company as a part of the amount it had previously advanced. This was not an unlawful preference within the meaning of the bankruptcy act (Act July 1, 1898, c. 541, 30 St. 544 [U. S. Comp. St. 1901, 3418]).

Judgment affirmed.